IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv–02227-BNB

JIN JO WU,

    Applicant,

v.

COLORADO PAROLE BOARD,

    Respondent.

## ORDER OF DISMISSAL

Applicant is a Colorado Department of Corrections (DOC) inmate who is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Applicant has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, challenging the execution of his sentence by the DOC. Specifically, Applicant challenges the Parole Board's determination that he is subject to discretionary parole and not mandatory parole and, therefore, is unable to have his earned time and good time credits applied against his mandatory release date. Applicant contends that the Parole Board has denied his release five times since February 10, 2010, which is his mandatory parole release date. Applicant has paid the $5 filing fee.

On August 12, 2014, Magistrate Judge Boyd N. Boland directed Respondent to file a preliminary response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. Respondent submitted a preliminary response on September 10, 2014. Applicant filed a Reply on September 29, 2017, and a Supplemental Response on October 3, 2014.

The Court must construe liberally the Application, Reply, and Supplemental

Response because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss this action as unexhausted.

Applicant filed a habeas corpus action in the Fremont County District Court on February 26, 2014, raising the same issues he raises here. *See* Prelim. Resp., ECF No. 10-3, Ex. C. The state habeas action was denied on May 19, 2014. *Id.*, ECF No. 10-6, Ex. D, at 4-5. Applicant filed a notice of appeal on July 8, 2014, in the Colorado Supreme Court (CSC). *Id.*, ECF No. 10-6, Ex F. On August 25, 2014, Applicant filed a motion in the Colorado Court of Appeals (CCA) to transfer jurisdiction of his appeal from the CCA to the CSC. *Id.*, ECF No. 10-7, Ex. G.

Respondent contends that Applicant has failed to exhaust state remedies because he has a pending petition in the CCA.

In his Reply, Applicant asserts that it would be a miscarriage of justice for this Court to not entertain his claim that he has been illegally detained for over five years. Reply, ECF No. 11, at 4. In the Supplemental Response, Applicant further asserts that it is futile for him to exhaust his state remedies because he did not timely pursue his claim pursuant to Colo. Rev. Civ. P. 106 and he now is time barred from raising his constitutional claim. Supp. Resp., ECF No. 12, at 1-2.

Normally, an applicant may challenge the denial of his parole application in federal court without first seeking review of the parole board's decision in the Colorado state courts, *see Wildermuth v. Furlong*, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998); *see*

*also White v. People*, 866 P.2d 1371, 1373 (Colo. 1994) (noting that claims alleging an abuse of discretion by the parole board are not subject to judicial review in Colorado state courts). However, this Court will defer consideration of Applicant's claims as a matter of comity. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603 (1975) (extending the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine to civil proceedings).

The Court further finds that Applicant's arguments lack merit. Applicant is not time barred from raising his mandatory parole claim at least with respect to his parole hearing in 2014.

A challenge to a parole board's denial of parole is properly brought under 28 U.S.C. § 2241, and the one-year time limitation under § 2244(d) applies. *See Durre v. Zenon*, 116 F. App'x 179, 180 (10th Cir. 2004) (citing *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003)). Relevant here is subsection (d)(1)(D) which says the statute of limitations shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Applicant asserts that he has been denied parole five times since February 2010, but he does not provide specific dates when his parole was denied. He appears to be challenging a parole board decision prior to February 26, 2014, however, which is the date his habeas petition was filed in the Fremont County District Court. *See* Prelim Resp., ECF No. 10-3. According to the DOC's website, Applicant's parole eligibility date was March 11, 2009. *See* http://www.doc.state.co.us/oss/.

Because the dates when Applicant was denied mandatory parole between 2009 and 2013 are unknown, and it also is not known whether Applicant pursued state court remedies concerning those denials, the Court is unable to determine whether the time

was tolled concerning those denials. Regardless, Applicant's challenge of the mandatory parole hearing in 2014 is not time barred.

Nor is exhaustion of state court remedies futile. The Fremont County District Court denied the habeas petition on the merits, and Applicant has an appeal of that denial pending in either the CCA or the CSC. A state rule of procedure barring Applicant's claim, including failure to file a timely Colo. R. Civ. P. 106 petition, must be respected until Applicant can show either that (1) good cause for his failure to meet its demands "and actual prejudice as a result of [his] alleged violation of federal law" or (2) "failure to consider [his] claims will result in a fundamental miscarriage of justice." *Magar*, 490 F.3d at 819. Applicant's miscarriage of justice claim is speculative. His appeal has not been denied based on untimeliness. Furthermore, even if a state court dismisses his appeal as untimely, Applicant is not precluded from filing a § 2241 action in this Court so long as the action is timely under 28 U.S.C. § 2244(d).

Based on comity, this action should be dismissed because Applicant has an appeal pending in state court. Furthermore, in any future § 2241 actions challenging his parole hearings, Applicant must identify the date of the parole hearing being challenged.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application, ECF No. 1, is denied and the action is dismissed

without prejudice because Applicant has an appeal pending in state court regarding his denial of mandatory parole.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED October 22, 2014, at Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court